**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | |
|---|---|
| IN RE:<br>DIANNA BLICK<br>    Debtor<br>_____<br>SETERUS, INC. AS THE AUTHORIZED<br>SUBSERVICER FOR FEDERAL NATIONAL<br>MORTGAGE ASSOCIATION ("FANNIE<br>MAE"), CREDITOR C/O SETERUS, INC.<br>    Movant<br>v.<br>DIANNA BLICK<br>    Debtor/Respondent<br>and<br>HENRY BLICK<br>    Co-Debtor/Co-Respondent<br>and<br>R. CLINTON STACKHOUSE, JR.<br>    Trustee/Respondent | Case No. 16-73269-SCS<br><br>Chapter 13 |

**AGREED ORDER MODIFYING AUTOMATIC STAY AND CO-DEBTOR STAY**

    This matter comes before the court on the Motion for Relief from Automatic Stay and Co-Debtor Stay, filed on December 26, 2017 (the "Motion") on behalf of Seterus, Inc. as the authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc. (the "Movant") by counsel.

    WHEREAS, the Movant is the current holder of the promissory note in the original principal amount of $124,000.00 (the "Note"), the payment of which is secured by a Deed of Trust dated October 24, 2005 (the "Deed of Trust"), which Deed of Trust encumbers real property known as 1502 Lake Speight Drive, Suffolk, VA 23434 (the "Property) and more particularly described as follows:

---

Karl Anthony Moses, Jr., VSB# 89433
8100 Three Chopt Road, Suite 240
Richmond, VA 23229
(804) 282-0463 (Phone)
*Counsel for the Movant*

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, KNOWN, NUMBERED AND DESIGNATED AS LOT NUMBER 41 AS SHOWN ON THAT CERTAIN PLAT ENTITLED "SUBDIVISION OF LAKE SPEIGHT COLONY, HOLY NECK BOROUGH, SUFFOLK, VIRGINIA", DATED MAY 5, 1975, MADE BY ROUSE-SIRINE ASSOCIATES, LTD., SURVEYORS AND ENGINEERS, VIRGINIA BEACH, VIRGINIA, AND DULY RECORDED IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF THE CITY OF SUFFOLK, VIRGINIA, IN MAP BOOK 2, PAGE 9.

IT BEING THE SAME PROPERTY CONVEYED TO JAMES HOWARD DURDEN, JR. AND DAVID MARK FOWLER FROM MILDRED R. DURDEN VIA DEED DATED JANUARY 28, 2005 AND RECORDED AS INSTRUMENT NUMBER 050001905.

WHEREAS, Dianna Blick (the "Debtor") and the Movant have reviewed the Motion and reached an agreement in this matter, the terms of which are set forth herein;

NOW THEREFORE IT IS HEREBY ORDERED that the automatic stay imposed by 11 U.S.C. §362(a) shall be and the same is MODIFIED, pursuant to 11 U.S.C. §362(d), to permit the Movant to take such action as may be necessary to enforce its lien of the Deed of Trust, including the initiation of foreclosure proceedings against the Property and commencement of any action to obtain possession of the Property as permitted by applicable state law.

IT IS FURTHER ORDERED that the provisions lifting the automatic stay in this Agreed Order Modifying the Automatic Stay (the "Agreed Order") are stayed, contingent upon the Debtor's continued compliance with the terms of this Agreed Order, and provided that the following conditions are met:

1. The Debtor shall resume making regular monthly installment payments to the Movant in the amount of $658.75 (subject to adjustment due to interest rate changes, changes to escrow and all other conditions and obligations set forth in the Note and Deed of Trust) commencing on February 1, 2018, and the Debtor shall continue to make regular monthly installment payments every month thereafter as they become due, in accordance with the Note.

2. The Debtor shall cure the post-petition arrearage due to the Movant through January 1, 2018 in the total amount of $4,913.57, which includes 3 post-petition monthly payments due from August 1, 2017 through October 1, 2017 in the amount of $659.33 each, and 3 post-petition monthly payments due from November 1, 2017 through January 1, 2018 in the amount of $658.75 each, filing fees of $181.00, attorney's fees of $850.00, attorney's fees for the plan review in the amount of $300.00, and credit for funds currently in suspense in the amount of $371.67, by making the following payments to the movant:

    a. $409.47 on or before February 15, 2018;
    b. $409.47 on or before March 15, 2018;
    c. $409.47 on or before April 15, 2018;
    d. $409.47 on or before May 15, 2018;
    e. $409.47 on or before June 15, 2018;
    f. $409.47 on or before July 15, 2018;

  g. $409.47 on or before August 15, 2018;
  h. $409.47 on or before September 15, 2018;
  i. $409.47 on or before October 15, 2018;
  j. $409.47 on or before November 15, 2018;
  k. $409.47 on or before December 15, 2018;
  l. $409.40 on or before January 15, 2019;

3. For purposes of making the arrearage cure payment(s) set forth in paragraph two (2) hereinabove, the Debtor will obtain additional funds from child and spousal support to be paid by her husband, Henry Blick. Further, the Debtor will amend their Schedule I to reflect this increase in income.

4. All payments shall be made payable to the Movant at the following address:

    Seterus, Inc.
    P.O. Box 1047
    Hartford, CT 06143

  IT IS FURTHER ORDERED that once the Debtor has made all of the stipulated payments and the regular monthly mortgage payments during the cure period as required in the Agreed Order, then all mortgage payments, costs, fees and late charges shall be deemed current from the date of filing of the bankruptcy through the date of the entry of the Agreed Order.

  IT IS FURTHER ORDERED that if any payment or portion of any payment required to be made hereunder is not received by the Movant by the date that it is due, then the Debtor shall be in default under the terms of this Agreed Order. In such event, the Movant may file with the Court, and mail to the Debtor, Debtor's counsel, and the Chapter 13 Trustee (the "Trustee") by regular mail, a notice of the default under the terms of the Agreed Order, stating the amount of the default and the amounts due pursuant to this Agreed Order. If the Debtor does not cure the default set forth in the notice of default (along with any additional amounts that have subsequently become due) within fifteen (15) days of the date of the notice of default, the Movant shall file with the Court a notice stating the Debtor has not cured the default along with a Certificate of Commencement of Foreclosure. The Certificate of Commencement of Foreclosure must indicate that the Trustee is relieved from making further distributions on the secured claim filed by the Movant. Further, Movant's counsel shall docket with the Court a disposition incident to such Notice of Default, either by verification that the Notice of Default has not been cured and relief has therefore been granted or by the filing of a Notice of Cure indicating that the Notice of Default has been cured. Further, the automatic stay of 11 U.S.C. §362(a) shall be automatically deemed lifted in this case without any further proceeding, action or order of this Court, and the Movant shall thereafter be allowed to enforce its lien of the Deed of Trust, including the initiation of foreclosure proceedings against the Property, and commencement of any action to obtain possession of the Property as permitted by applicable state law.

  IT IS FURTHER ORDERED that if a second such notice of default is filed by the Movant after the Debtor reinstates under the terms of a first notice of default, then the automatic stay in this case shall be automatically deemed lifted without any further proceeding, action or order of this Court, and the Movant shall thereafter be allowed to enforce its lien of the Deed of Trust, including the initiation of foreclosure proceedings against the Property and commencement of any action to obtain possession of the Property as permitted by applicable state law.

IT IS FURTHER ORDERED that if the holder of any other Deed of Trust encumbering the Property obtains relief from the automatic stay, then the Movant herein is automatically granted relief from the automatic stay.

IT IS FURTHER ORDERED that if the automatic stay is lifted, the Trustee shall be notified and shall thereafter make no payments on the Movant's secured claim that were required by the Chapter 13 plan.

IT IS FURTHER ORDERED that the Movant shall promptly notify the Trustee in writing of the results of any foreclosure sale of the subject deed, and pay to the Trustee any excess funds received from such foreclosure sale, to be disbursed upon further order of the Court.

IT IS FURTHER ORDERED that relief is granted as to Henry Blick, the Co-Debtor, from the automatic stay imposed by 1301(a) to the same extent and on the same terms and conditions as granted as to the debtor.

Norfolk, Virginia

Date: Mar 17 2018

/s/ Frank J. Santoro
United States Bankruptcy Judge
for the Eastern District of Virginia
Entered on Docket: Mar 19 2018

**WE ASK FOR THIS:**

*/s/ Karl Anthony Moses, Jr.*
Karl Anthony Moses, Jr., VSB# 89433
BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA 23229
(804) 282-0463 (phone)
(804) 282-0541 (facsimile)
*Counsel for the Movant*

**CERTIFICATION OF ATTORNEY**

I acknowledge that I approve of the foregoing Agreed Order and that by my endorsement I hereby represent that the Debtor has been advised of the terms of the agreement as set forth in this Agreed Order.

*/s/ Robin L. Tolerton*
Robin L. Tolerton, Esq.
4936 Cleveland Street, Suite 100
Virginia Beach, VA 23462
*Counsel for the Debtor*

**SEEN:**

  /s/ R. Clinton Stackhouse
R. Clinton Stackhouse, Jr., Trustee
7021 Harbour View Boulevard, Suite 101
Suffolk, VA 23435
*Chapter 13 Trustee*

## CERTIFICATION

      I HEREBY CERTIFY that the foregoing proposed Agreed Order Modifying the Automatic Stay and Co-Debtor Stay has been endorsed by or on behalf of all necessary parties, in accordance with Local Rule 9022-1.

      /s/ *Karl Anthony Moses, Jr.*
      Karl Anthony Moses, Jr.
      Counsel for the Movant


cc:

BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA 23229

R. Clinton Stackhouse, Jr., Trustee
7021 Harbour View Boulevard, Suite 101
Suffolk, VA 23435

Robin L. Tolerton, Esq.
4936 Cleveland Street, Suite 100
Virginia Beach, VA 23462

Dianna Blick
1502 Lake Speight Drive
Suffolk, VA 23434

Henry Blick
1502 Lake Speight Drive
Suffolk, VA 23434